UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN M. PINUELAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON E. BARNES, and<br>JEFFREY A. BEARD,<br><br>　　　　　Respondents. | Case No.  14-cv-00052-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

　　　This federal action was filed as a petition for writ of habeas corpus, that is, as a challenge to the lawfulness or duration of petitioner Pinuelas's incarceration. A review of the petition, however, shows that Pinuelas sets forth claims regarding his gang validation and subsequent housing in the Secured Housing Unit ("SHU") at Pelican Bay State Prison, rather than challenging the lawfulness or duration of his confinement. Therefore, if he prevails here it will not affect necessarily the length of his incarceration.[1] This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights case under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement;

---

[1] Any allegation that he will be unable to earn conduct credits while in the SHU is too speculative and conclusory to justify the use of a habeas action, which is the sole appropriate method for seeking one's "immediate" or "speedier" release. *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973).

1 civil rights action proper method for challenging conditions of confinement); *Crawford v.
2 Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition
3 on basis that challenges to terms and conditions of confinement must be brought in civil
4 rights complaint).

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Pinuelas if the Court were to construe the petition as a civil rights complaint, the case is DISMISSED without prejudice to his filing a civil rights action if he wishes to do so in light of the above.

Pinuelas's motions to proceed *in forma pauperis* (Docket Nos. 2 and 5) are DENIED as moot, the habeas action filing fee having been paid. The Clerk shall terminate Docket Nos. 2 and 5, enter judgment in favor of respondents, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 8, 2014



WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RUBEN PINUELAS,

        Plaintiff,

  v.

BARNES ET AL et al,

        Defendant.

Case Number: CV14-00052 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 8, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Ruben M. Pinuelas P41035
Pelican Bay State Prison SHU/D-9 #222
P.O. Box 7500
Crescent City, CA 95532

Dated: May 8, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk